**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1930
_____

FITZROY A. CLIFFORD,
                                        Appellant

v.

JUDGE STEPHEN L. PETRILLO;
JUDGE CHRISTOPHER ROMANYSHYN;
MICHAEL COBB

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-13571)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2020
Before:  JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed September 29, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Fitzroy Clifford appeals from the District Court's order dismissing his civil rights complaint. For the reasons discussed below, we will affirm.

I.

In June 2019, Clifford filed a complaint in the District Court, raising numerous claims stemming from his family court proceedings in the Superior Court of New Jersey. Clifford alleged that the defendants, Superior Court Judges Stephen Petrillo and Christopher Romanyshyn, and a New Jersey Court employee, Michael Cobb, violated his civil rights in those proceedings. Among other things, Clifford maintained that the Superior Court lacked jurisdiction over him because he is a "sovereign citizen."[1] He also claimed that his due process and equal protection rights were violated when his requests for discovery, a change of venue, and a jury trial were denied. The District Court granted the defendants' motion to dismiss and dismissed the complaint with prejudice, determining that Clifford failed to state a plausible claim to relief and that the judges were immune from suit. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contained "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

_____

[1] See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that a person claiming to be a "sovereign citizen" is "not beyond the jurisdiction of the courts," and that "[t]hese theories should be rejected summarily, however they are presented").

its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III.

The District Court properly determined that Clifford failed to state any plausible claim to relief. As the District Court explained, Clifford's complaint contained few allegations regarding the defendants' involvement in the family court proceedings, let alone sufficient allegations to raise a plausible due process or equal protection claim. In particular, Clifford failed to make any specific allegations regarding defendant Cobb's personal involvement in those proceedings. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

To the extent that Clifford did specifically allege that the judges entered certain child support orders and related orders denying Clifford's requests for discovery, for a change of venue, and for a jury trial, the District Court properly determined that the judges were immune from suit. Clifford's claims are based on actions taken by the judges in Superior Court proceedings, and Clifford did not plausibly allege that their actions were taken in the clear absence of jurisdiction. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (holding that judges are immune from suit under 42 U.S.C. § 1983 "for monetary damages arising from their judicial acts"); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]"). To the extent that Clifford raised claims for declaratory or injunctive relief

3

related to the enforcement of various statutes governing his child support obligations and custodial rights, the judges are not proper defendants, as Clifford's allegations make clear that the judges were acting in an adjudicatory capacity.  See Allen v. DeBello, 861 F.3d 433, 442 (3d Cir. 2017).

Accordingly, we will affirm the judgment of the District Court.